IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GAARIES WILLIAMS | § | |
|    TDCJ-CID #1428755 | § | |
| v. | § | C.A. NO. C-07-215 |
| | § | |
| CHRIS DORSEY, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's claims against Nueces County alleging deliberate indifference to his serious medical needs be dismissed without prejudice to allow plaintiff to pursue those claims in another lawsuit pending before this Court: <u>Williams v. Sheriff's Department & Jail, et al.</u> C.A. No. C-07-209.  It is respectfully recommended further that, to the extent plaintiff is raising habeas corpus claims challenging the fact or duration of his confinement, those claims be dismissed without prejudice to allow plaintiff to raise them in his pending habeas corpus petition: <u>Williams v. TDCJ, et al.</u>, C.A. No. C-07-276.  It is respectfully recommended further that plaintiff's remaining claims be dismissed for failure to state a claim and as frivolous.  28 U.S.C. §§ 1915(d)(2)(B), 1915A(b).

## I. **JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. **FACTUAL BACKGROUND**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated at the Lopez Unit in Edinburg, Texas.  He filed this lawsuit on May 1, 2007, and named the following defendants: 1) the State of Texas; 2) the Texas Board of Pardons and Paroles; 3) the Nueces

County Appraisal District; 4) Sally LNU, an Appraisal District employee; 5) the Nueces County Sheriff's Department; 6) Corpus Christi Police Department ("CCPD"); 7) Assistant District Attorney Chris Dorsey; 8) Corpus Christi Municipal Court Judge John Rank; and 9) Corpus Christi Municipal Court Judge Margie Flores.  A Spears[1] hearing was conducted on July 3, 2007.  The following allegations were made in plaintiff's original complaint, (D.E. 1); amended complaint, (D.E. 3); show cause response, (D.E. 13); supplemental complaint, (D.E. 16); documents, (D.E. 19); or at the hearing.

    Plaintiff is a disabled veteran.  (D.E. 1, at 17).  In 1998, he applied for, and was granted, a property tax exemption.  In March 2005, plaintiff's tax exempt status was revoked by Sally LNU, a Nueces County tax appraisal employee who told plaintiff that he "did not look disabled."  Thereafter, in March 2006, the tax appraisal district filed suit against plaintiff alleging that he owed $9,000.00 in taxes.  After being served with the lawsuit, plaintiff went to the tax appraisal office and executed a form so that his home would not be taken.  He also filed an appeal challenging the tax assessment, and his appeal is still pending.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On January 20, 2006, a 911 caller reported that plaintiff had assaulted his girlfriend, Anterria Hogan, and set fire to his baby.  Plaintiff was arrested and put in a jail with a $30,000 bond.  When he appeared in court concerning this matter, Judge Rank listened only to Ms. Hogan, and refused to listen to plaintiff.  He granted Ms. Hogan a protection order and denied plaintiff's request for a protective order against Ms. Hogan.  Judge Rank also granted Ms. Hogan the right to live at plaintiff's residence, 7010 Hannah Circle, in Corpus Christi, with plaintiff's then wife, Ayls Williams.  Plaintiff has evidence that he never injured his child and that Ms. Hogan fabricated her claims against him.

Plaintiff rented an apartment at 1705 Van Loan in Corpus Christi.  On April 3, 2006, Ms. Hogan came to his apartment and began asking him for money.  Plaintiff left the apartment.  He was then arrested a few blocks from his apartment because Ms. Hogan called the police and said that he had assaulted her and violated the protective order.  Plaintiff testified that when he had opened the door to his apartment the door hit Ms. Hogan in the chin causing her injuries.  Plaintiff appeared in front of Judge Marisela Saldana for this assault.  Mr. Dorsey was the prosecutor.  Plaintiff remained in jail for twenty-five days.  On May 1, 2006, the CCPD, Child Protective Services, and plaintiff's landlord confronted him at his apartment and verbally evicted him.

In June 2006, plaintiff reported to the CCPD that his car had been stolen. The CCPD would not file a report because it was Ms. Hogan who had taken the car. Later, plaintiff's car was involved in a theft and the police impounded it. Plaintiff had to pay $135.00 to get it back. In a separate incident, he reported that a truck engine had been stolen from his property; however, the police refused to take any action to help him, and instead, threatened him with arrest.[2]

On December 12, 2006, plaintiff was arrested on charges of family violence arising from a May 25, 2006 incident. Mr. Dorsey prosecuted this case. After plaintiff's defense counsel convinced him to plead guilty, he pleaded guilty to the violation of a protective order and family violence assault. (D.E. 3, at 6). On March 22, 2007, Judge Thomas Greenwell sentenced him to two years in prison. Id. Plaintiff now regrets that he pleaded guilty.

Plaintiff was arrested on December 12, 2006 in Mississippi. In January 2007, he was transferred to the Nueces County Jail where he was held until his transfer to the Garza West Unit in April 2007. While in custody at the Nueces County Jail, plaintiff asserts that he was denied his insulin until shortly before he was transferred to the Garza West Unit. Plaintiff is diabetic and, while at the jail,

---

[2] Plaintiff also alleged that CCPD started harassing him in the 1980's, especially through various traffic stops.

his blood sugar was not controlled.  He was also denied Interferon and therapy for his knee and shoulder.

### III.  DISCUSSION

**A.     Legal Standard.**

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  Id. (citation omitted).

**B.     Plaintiff's Claims Against The State Of Texas And The Texas Board Of Pardons And Paroles.**

At the Spears hearing, plaintiff stated that he no longer desires to pursue his claims against the State of Texas or the Texas Board of Pardons and Paroles, and he moves for dismissal of those defendants from this lawsuit.

Neither the State of Texas nor the Texas Board of Pardons and Paroles has been served with process in this case, nor have they appeared herein. It is respectfully recommended that plaintiff's oral motion to dismiss the State of Texas and the Texas Board of Pardons and Paroles be granted, and these defendants be dismissed. See Fed. R. Civ. P. 41(a) (authorizing dismissal upon plaintiff's motion prior to service on defendant).[3]

## C.     Plaintiff's Claims Against The Corpus Christi Municipal Judges.

Plaintiff has sued Judge Rank and Judge Flores based on their alleged failure to consider his claims against Anterria Hogan and their allegedly adverse rulings against him.

The Supreme Court has firmly established that "a judge is immune from a suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam). Moreover, "'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Id. at 10 (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)). Judicial immunity can only be overcome by a showing that the

---

[3] Moreover, plaintiff's claims for money damages against these defendants would be barred by the Eleventh Amendment. See Aguilar v. Texas Dep't of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998) (noting that the State of Texas and its instrumentalities enjoy Eleventh Amendment Immunity).

actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. See id. at 11-12; see also Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985) (citing Stump v. Sparkman, 435 U.S. 349 (1978)) ("Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction.").

    The Fifth Circuit has determined that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." Boyd v. Biggers 31 F.3d 279, 284 (5th Cir. 1995) (per curiam); see also Bauer v. Texas, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts.") (citing Forrester v. White, 484 U.S. 219 (1988)). "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" Boyd, 31 F.3d at 285 (quoting Mireles, 502 U.S. at 12).

    Here, plaintiff does not allege any facts to suggest that either Judge Rank or Judge Flores were performing acts other than those directly related to presiding over the criminal matters against plaintiff. Indeed, plaintiff objects only to the allegedly adverse rulings these defendants made when plaintiff appeared before them in court. Accordingly, it is respectfully recommended that plaintiff cannot

maintain a claim against either of these defendants, and that his claims against the defendant judges should be dismissed.

**D.      Plaintiff's Claims Against The Assistant District Attorney.**

Plaintiff has sued Chris Dorsey, a Nueces County assistant district attorney, for prosecuting the criminal charges against him.

Prosecutors are "immune from civil suit for damages under § 1983" for their conduct in "initiating a prosecution and in presenting the state's case," insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Cousin v. Small, 325 F.3d 627, 631 (5th Cir. 2003) (per curiam).  Conduct falling within this category includes all actions "which occur in the course of the prosecutor's role as an advocate of the State." Cousin, 325 F.3d at 632 (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993); see also Burns v. Reed, 500 U.S. 478, 491 (1991) (prosecutor is absolutely immune when acting in the role as an advocate for the state by initiating and pursuing prosecution); Boyd, 31 F.3d at 285 ("Criminal prosecutors ... enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case.").

In this case, plaintiff complains about Mr. Dorsey's advocacy on behalf of the State in prosecuting him for violation of the protective order and family

violence. Because the conduct complained of is advocacy, it is necessarily related to defendant Dorsey's prosecutorial function. As such, absolute immunity applies. Therefore, it is respectfully recommended that plaintiff's claims against Chris Dorsey be dismissed.

E.   **Plaintiff's Claims Against The Nueces County Tax Appraisal District.**

Plaintiff objects to Nueces County's suit against him for back taxes, arguing that he is entitled to a disability exemption.

Texas law exempts disabled veterans from paying a portion of the property tax accessed against their homestead. See Tex. Tax Code § 11.22 (a). However, plaintiff cannot challenge the validity of a state tax system in a federal civil rights action where state law provides an adequate remedy. Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981) (holding that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal court).

In his complaint, plaintiff admits that he filed an appeal with the Tax Appraisal District and that his claim is still pending. Moreover, plaintiff can pursue his tax claim in state district court should he be unsatisfied with the result. See generally Western AH 406 Ltd. v. Cent. Appraisal Dist. of Taylor County, 213 S.W.3d 544 (Tex. App. 2007); Aaron Rents, Inc. v. Travis Cent. Appraisal Dist.,

212 S.W.3d 665 (Tex. App. 2006) (en banc); <u>Cooke County Tax Appraisal Dist. v. Teel</u>, 129 S.W.3d 724 (Tex. App. 2004). Because plaintiff can adequately pursue this claim against the Nueces County Tax Appraisal District in state court, it is respectfully recommended that this claim be dismissed.

**F.    Plaintiff's Claims Against The Nueces County Tax Appraisal District Employee.**

Plaintiff has also sued Sally LNU, a tax appraisal employee, alleging that in March 2005, she personally denied him his tax exempt status. He claims that she made this decision after looking at him and then concluding that he "did not look disabled," in violation of his constitutional rights.

Plaintiff fails to identify what constitutional right is at issue. He does not allege that he was denied due process, or discriminated against, or denied equal protection under the law. Indeed, he admits that he was given written notice of the decision to deny his exempt status, and that he has appealed it. However, even if plaintiff could successfully identify a constitutional right that Sally LNU violated when she denied him tax exempt status, this claim is time barred.

Federal civil rights actions instituted in Texas, such as those brought pursuant to 42 U.S.C. § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a). Accrual of a § 1983 claim is governed by federal law.

11

A cause of action accrues when the plaintiff knows, or has reason to know of the injury which is the basis of the action. Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998) (citation omitted). Moreover, the district court may raise the defense of limitations sua sponte, and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) (per curiam) (citations omitted).

In this case, plaintiff testified that Sally LNU denied him his tax exempt status in March 2005. He thus became aware of his claim at that time, and therefore had two years from March 2005, or until March 2007, to file his claim against Sally LNU. Plaintiff filed his original complaint signed and dated on April 27, 2007.[4] (D.E. 1, at 4). Thus, it is respectfully recommended that plaintiff's claim against Sally LNU is time barred and should be dismissed with prejudice.

**G.     Plaintiff's Claims Against The Corpus Christi Police Department.**

Plaintiff claims that the CCPD has harassed him in violation of his constitutional rights since the 1980's.

---

[4] The Fifth Circuit has held that a pro se inmate's § 1983 complaint is deemed filed once it is placed in the prison's mail system. Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Here, the earliest that plaintiff could have filed his complaint is the date he signed it. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999) (per curiam).

The CCPD is merely a department within the City of Corpus Christi, and as such, is not a "person" for purposes of section 1983 liability. See Darby v. Pasadena Police Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991) (police departments are nonsuable entities under § 1983). Thus, plaintiff's claims against CCPD are, in actuality, against the City of Corpus Christi, a municipality.

A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Instead, it is only when execution of a government's policy or custom inflicts the injury that the government entity is responsible. Id. Thus, for a municipality to be liable under § 1983, there must be: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Id.; Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

A plaintiff can satisfy the requirement of an "official policy or custom" by proving "'[a] persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002) (quoting Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). "Actual

or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority."  Webster, 735 F.2d at 841; accord Piotrowski, 237 F.3d at 578.

In the present case, plaintiff has failed to identify, or to even claim, that the City of Corpus Christi has an illegal custom or policy that is the moving force behind his complaints.  At most, he is complaining about specific incidents involving the police that he perceives were unfair.  For example, he complains that the police arrested him for violating the protective order based on the allegations of Ms. Hogan and that the police would not listen to his side of the story.  He complains that the police would not take action when his car was "stolen" by Ms. Hogan.  These complaints do not suggest a policy or custom of law enforcement, but particularized decisions related to the circumstances on hand.

Accordingly, it is respectfully recommended that plaintiff fails to state a claim against the City of Corpus Christi and that his claims against the City for allegations against the CCPD be dismissed.

**H.     Plaintiff's Claims For The Loss Of His Property.**

Plaintiff claims that unidentified City employees stole a truck engine from his property and that he had to pay $135.00 to have his car released from impoundment.  He seeks reimbursement of these costs.

14

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 534-35 (1984); accord Myers v. Klevenhagen, 97 F.3d 91, 94-95 (5th Cir. 1996) (per curiam). A claimant must either take advantage of the available remedies, or show that the available remedies are inadequate. Hudson, 468 U.S. at 535.

Texas law allows recovery of monetary damages for loss of property that has been taken without authorization. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994) ("the tort of conversion fulfills this requirement"); see also Beam v. Voss, 568 S.W.2d 413, 420 (Tex. Civ. App. 1978) (conversion is "[t]he unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights"). Because Texas law provides an adequate post-deprivation remedy, plaintiff's loss of property claim does not state a violation of the Due Process Clause. See Hudson, 468 U.S. at 536. To the extent that he claims the loss of property was only the result of negligence, he has no claim for violation of a


constitutionally protected right. Daniels v. Williams, 474 U.S. 327, 328 (1986). The burden is on plaintiff to show that the post-deprivation remedy is inadequate. Myers, 97 F.3d at 94.

At the Spears hearing, plaintiff admitted that he had not filed suit in state court for conversion, and he has made no allegation that the post-deprivation remedy is inadequate. Thus, it is respectfully recommended that, to the extent plaintiff is seeking compensation for the loss of the truck engine or expenses incurred in retrieving his car, these claims be dismissed for failure to state a constitutional violation.

## I.     Plaintiff's Claims Against The Nueces County Sheriff's Department.

Plaintiff has sued the Nueces County Sheriff's Department alleging that he was denied adequate medical care while in the Nueces County Jail from December 2006 through April 2007.

Plaintiff has raised these same claims in a second action that is pending in this Court. See Williams v. Sheriff's Dep't and Jail, et al., C.A. No. C-07-209. That action was docketed prior to this one, and a telephone conference was held on June 11, 2007, at which the Sheriff's Department and Jail were dismissed, and Nueces County was substituted in as the proper defendant. Thus, it is respectfully recommended that plaintiff's claims of deliberate indifference to his serious

medical needs that are raised herein be dismissed without prejudice as duplicative of the claims set forth in C-07-209, so that plaintiff may pursue those claims in that proceeding.

**J.     Plaintiff's Habeas Corpus Claims.**

Plaintiff testified that he regrets pleading guilty to the charges against him for violating the protective order and family violence, and he requests that the federal court review his criminal conviction.

Challenges to the fact or duration of a state criminal conviction must be pursued in a habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Thus, plaintiff's claims challenging his criminal conviction may not be maintained in this § 1983 action.  Id.  Moreover, plaintiff has filed a habeas corpus action related to his current incarceration.  See Williams v. Quarterman, C.A. No. C-07-276.  Thus, it is respectfully recommended that, to the extent any of plaintiff's claims are in the nature of habeas corpus allegations, those claims be dismissed without prejudice.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court:

(1) Grant plaintiff's oral motion to dismiss the State of Texas and the Texas Board of Pardons and Paroles;

(2) Dismiss with prejudice as frivolous and for failure to state a claim plaintiff's claims against Judge Flores, Judge Rank, and Chris Dorsey as they are each entitled to absolute immunity;

(3) Dismiss with prejudice as frivolous and for failure to state a claim plaintiff's claims against the Nueces County Appraisal District and Sally LNU;

(4) Dismiss with prejudice as frivolous and for failure to state a claim plaintiff's claims against the Corpus Christi Police Department and the City of Corpus Christi;

(5) Dismiss with prejudice as frivolous and for failure to state a claim plaintiff's loss of personal property claims;

(6) Dismiss without prejudice plaintiff's Eighth Amendment claims against Nueces County alleging deliberate indifference to his serious medical needs;

(7) Dismiss without prejudice plaintiff's habeas corpus claims challenging the fact or duration of his confinement.

Respectfully submitted this 9th day of July 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).