UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GAARIES WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-07-215 |
| | § | |
| CHRIS DORSEY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL

Plaintiff is an inmate currently incarcerated at the TDCJ-CID's Dominguez State Jail in San Antonio, Texas. Proceeding pro se and in forma pauperis, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated rights protected by the Constitution. Final judgment dismissing the complaint based on absolute immunity, and for failure to state a claim and as frivolous was entered on August 26, 2007 (D.E. 20, 24, 25). Plaintiff timely filed notice of appeal (D.E. 28). Pending is plaintiff's request for appointment of counsel on appeal (D.E. 40).

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no

constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. Though plaintiff alleges several violations against various defendants, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings demonstrate he is able to describe the facts giving rise to his claims. Plaintiff appeared for a telephonic evidentiary hearing on October 17, 2007 where he appeared to be reasonably intelligent, and to understand his case. Plaintiff can adequately investigate and present his case on appeal.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is unnecessary because the case was resolved without a trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. Plaintiff's motion for appointment of counsel on appeal (D.E. 40) is denied.

ORDERED this 13th day of December, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE